**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-cv-25391-GAYLES

JIMMY N. MORTON,

       Plaintiff,
v.

PILOT TRUCK STOPS, et al.,

       Defendants,
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff Jimmy N. Morton, appearing *pro se*, filed this action on December 21, 2018 [ECF No. 1]. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* the same day [ECF No. 3]. Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*,

437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). In reviewing the Complaint, the Court must apply the "liberal construction to which pro se pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a valid cause of action. At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

Although not entirely clear, Plaintiff appears to allege, in his one sentence Complaint, that Defendants somehow caused him to get cancer. There is nothing to suggest that this Court has original or diversity jurisdiction over Plaintiff's claims. In addition, the Court cannot determine how Defendants caused Plaintiff harm or the legal basis upon which he seeks relief. As a result, this action must be dismissed.

Based thereon, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** pursuant to Section 1915(e)(2)(B)(ii). This action is **CLOSED** for administrative purposes and all pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of December, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE